IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

No: 1:04CV00031

LISA REYNOLDS,

    Plaintiff,

v.

GREEN APPLE, LLC,

    Defendant.

NOTICE OF REMOVAL

Defendant Green Apple, LLC ("Green Apple"), a North Carolina limited liability company with its principal place of business in Raleigh, North Carolina, gives notice of the removal of this action from the Superior Court Division of the General Court of Justice, Rowan County, North Carolina, to the United States District Court for the Middle District of North Carolina. The grounds for removal are as follows:

1.    The Summons and original Complaint in this action were filed in Rowan County Superior Court on December 22, 2003, and were served on original Defendant Applebee's of Virginia, Inc. by certified mail on December 23, 2003.

2.    Plaintiff filed a new Summons and an Amended Complaint, removing original Defendant Applebee's of Virginia, Inc. and substituting Defendant Green Apple, in Rowan County Superior Court on January 9, 2004. The Summons and Amended Complaint were served on Defendant Green Apple on or about January 13, 2004.

3.    The action is now pending in the Rowan County Superior Court, designated No. 03-CVS-3344, and the time within which Green Apple is required to answer or otherwise plead has not yet expired.

4.  This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1441 in that this is a civil action based on claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, of which the district courts have original jurisdiction pursuant to 28 U.S.C. § 1331.

5.  Green Apple has attached to this notice as Exhibit A and filed herewith all process, pleadings and orders served on it, as required by 28 U.S.C. § 1446(a).

6.  Green Apple's counsel will give Plaintiff written notice of the removal of this action and will file a copy of this notice with the Clerk of the Superior Court of Rowan County, North Carolina, as required by 28 U.S.C. § 1446(d).

This 20 day of January, 2004.

_____
Charles E. Johnson
N.C. Bar No. 9890
Julian H. Wright
N.C. Bar No. 19345

Attorneys for Defendant
Green Apple, LLC

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
(704) 377-2536 - Telephone
(704) 378-4000 - Facsimile

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF REMOVAL** has been served upon each of the parties to this action by depositing same in the United States mail, postage prepaid, in an envelope(s) addressed as follows:

>Roman C. Pibl
>Kluttz, Reamer, Blankenship, Hayes
> &amp; Randolph, L.L.P.
>Post Office Drawer 1617
>Salisbury, NC 28145-1617

This 20 day of January, 2004.

_____
Charles E. Johnson

C-859302v01

ATTACHMENT/EXHIBIT___A___

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| COUNTY OF ROWAN | SUPERIOR COURT DIVISION |
| | FILE NO: 03 CvS 3344 - COMP |

| | |
|---|---|
| LISA REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED COMPLAINT** |
| vs. ) | **(Jury Trial Demanded)** |
| ) | |
| GREEN APPLE, LLC., ) | |
| d/b/a APPLEBEE'S NEIGHBORHOOD ) | |
| GRILL & BAR ) | |
| Defendant. ) | |

**NOW COMES** the Plaintiff, Lisa Reynolds, by and through her counsel, Kluttz, Reamer, Blankenship, Hayes & Randolph, L.L.P., and amending her earlier filed complaint against the Defendant, states as follows:

1. The Plaintiff, Lisa Reynolds, is a female citizen and resident of Rowan County, North Carolina.

2. The Defendant Green Apple, LLC., d/b/a Applebee's Neighborhood Grill & Bar is a North Carolina corporation existing under the laws of the State of North Carolina with a principal place of business located in Rowan County, North Carolina. The defendant, at all time pertinent hereto, has continuously been, and is now, an "employer" who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year

3. At all relevant times hereto, the Plaintiff was employed as a cook for the Defendant at its Salisbury, North Carolina location. Specifically, the Plaintiff was hired in May, 2002 and illegally discharged on July 7, 2003.

4. On or about August 8, 2003, the Plaintiff filed a charge of employment discrimination involving race, sex and retaliation against the Defendant with the United States Equal Employment Opportunity Office ("EEOC"). On or about September 29, 2003, the Plaintiff received a "Notice of Suit Rights" letter from the EEOC.

5. Shortly after starting with the Defendant, the Plaintiff rejected the explicit sexual advances of a female coworker. After rejecting the advances, the coworker immediately started harassing the Plaintiff. The Plaintiff complained to management about the sexual advance and

-1-

harassment. Not only did the Defendant do nothing about the Plaintiff's complaint or the harassment, but the assistant manager also started harassing the Plaintiff for complaining about the coworker's sexual advances and harassment. After the Defendant did nothing about the Plaintiff's complaint, the coworker physically assaulted the Plaintiff and damaged her car. Again, the Plaintiff complained to the defendant's management, immediately after which, the Plaintiff was terminated without being given any reason.

6. By not taking any action after the Plaintiff complained about sexual advances, harassment and the assault and battery, the Defendant has become liable for the acts of the coworker.

7. The Defendant's conduct set forth above amounts to sexual discrimination and sexual harassment that altered the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1965 as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq., ("Title VII"), and the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1 et. seq.. As a direct and proximate result of the Defendant's sexual discrimination and sexual harassment, the Plaintiff has been damaged in an amount in excess of $10,000, including, but not limited to, lost past, present and future wages, lost benefits and pain and suffering.

8. The Defendant's conduct set forth above also amounts to intentional and negligent infliction of severe emotional distress. The Defendant undertook the intentional and negligent infliction of emotional distress with full knowledge of the Plaintiff's emotional state. As a direct result of the Defendant's intentionally and negligent infliction of severe emotional distress, the Plaintiff has and is continuing to suffer from severe emotional distress, including, but not limited to, depression, sleepless nights, severe bouts of crying, physical pain and severe emotional swings in her mood.

9. The Defendant's conduct in failing to discipline and then discharge the coworker after the Plaintiff complained amounts to negligent retention of the coworker. As a direct and proximate result of the Defendant's negligent retention of the coworker, the Plaintiff has been damaged in excess of $10,000, including, but not limited to damages for assault and battery, damage to her car, pain and suffering and emotional distress.

10. The Defendant's conduct in failing to discipline or discharge the coworker makes the Defendant liable for the coworker's assault and battery on the Plaintiff. As a direct and proximate result of the assault and battery, the Plaintiff has been damages in an amount in excess of $10,000, including pain and suffering, emotional distress and damage to her car.

11. The actions of the Defendant were intentional and demonstrated a willful, wanton and/or reckless indifference to the rights of the Plaintiff such that punitive damages should be assessed against the Defendant.

12. The conduct of the Defendant's constitutes extreme and outrageous conduct which caused severe emotional distress to the Plaintiff, including, but not limited to depression, self doubt, headaches, severe bouts of crying and sleepless nights.

13. The defendant acted with both knowledge that severe emotional distress to the Plaintiff was substantially certain to result and with reckless indifference to the likelihood that severe emotional distress to the Plaintiff would result from its actions.

14. As a direct and proximate result of the defendant's intentional and negligent infliction of emotional distress the Plaintiff has suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter the following judgments against the Defendant:

1. Judgment in favor of the Plaintiff and against the Defendant for sexual discrimination and sexual harassment under both federal and state law in an amount in excess of $10,000;

2. Judgment in favor of the Plaintiff and against the Defendant for intentional and negligent infliction of emotional distress in an amount in excess of $10,000;

3. Judgment in favor of the Plaintiff and against the Defendant for negligent retention of the coworker in an amount in excess of $10,000;

4. Judgment in favor of the Plaintiff and against the Defendant for assault and battery in an amount in excess of $10,000;

5. Grant the Plaintiff a trial by jury on all of the issues set forth herein;

6. Grant the Plaintiff her costs in bringing this action, including her reasonable attorney's fees, to be taxes against the Defendant;

7. Judgment in favor of the Plaintiff and against the Defendant for punitive damages for its malicious, wanton and reckless conduct related to its, sex discrimination, and intentional and negligent infliction of emotional distress; and

8. For such other and further relief that the Court deems just and appropriate.

This the 9th day of January, 2004.

	Roman C. Pibl
	Kluttz, Reamer, Blankenship, Hayes
		& Randolph, L.L.P.
	Post Office Drawer 1617
	Salisbury, North Carolina 28145-1617
	Telephone (704) 636-7100
	Attorney for Plaintiff
	NC Bar No: 17566

–4–

| STATE OF NORTH CAROLINA | | File No. 03 CVS 3344 |
|---|---|---|
| ROWAN County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |
| **Name Of Plaintiff**<br>LISA REYNOLDS<br>**Address**<br>**City, State, Zip** | | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS<br>G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | | |
| **Name Of Defendant(s)**<br>GREEN APPLE, LLC,<br>d/b/a APPLEBEE'S NEIGHBORHOOD GRILL & BAR | | **Date Original Summons Issued**<br>**Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| GREEN APPLE, LLC<br>c/o Registered Agent, Robert L. Stolz<br>170 Wind Chime Court<br>Raleigh, North Carolina 27615 | GREEN APPLE, LLC<br>d/b/a Applebee's Neighborhood Grill & Bar<br>205 Faith Road<br>Salisbury, North Carolina 28146 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>ROMAN C. PIBL<br>Kluttz Reamer Blankenship Hayes & Randolph, LLP<br>131 North Main Street, Post Office Drawer 1617<br>Salisbury, North Carolina 28145-1617<br>Telephone: (704) 636-7100 | Date Issued<br>1-9-04 | Time<br>4:45 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature<br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
| 1-19-04 | 1023 ☒AM ☐PM | Green Apple LLC D/B/A Applebee Neighborhood Bar & Grill |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☒ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

Louis Moreno (Manager) 205 Faith Rd. Salisbury

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | Name Of Defendant |
|---|---|---|
|  | ☐AM ☐PM |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | _____ 100 D/S |
| Date Received | Name Of Sheriff (Type Or Print) |
|  | George H. Wilhelm |
| Date Of Return | County Of Sheriff |
|  | Rowan |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE

COUNTY OF ROWAN     SUPERIOR COURT DIVISION

FILE NO: 03 CvS 3344

| | |
|---|---|
| LISA REYNOLDS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>APPLEBEE'S OF VIRGINIA, INC. )<br>d/b/a APPLEBEE'S GRILL & BAR )<br>)<br>Defendants. ) | **AFFIDAVIT OF SERVICE<br>BY CERTIFIED MAIL** |

ROMAN C. PIBL, first being duly sworn, deposes and says:

1. That I am attorney for plaintiff in the above-styled lawsuit. That on or about December 22, 2003, a copy of the Summons and Complaint in the above-captioned matter was deposited in the United States Post Office for mailing by Certified Mail, Return Receipt Requested, to be delivered to the addressee, with the proper postage affixed, addressed to the following:

> **APPLEBEE'S OF VIRGINIA, INC.<br>d/b/a APPLEBEE'S GRILL & BAR**<br>c/o Reg. Agent, Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, North Carolina 27603

2. Process was in fact received by the defendant as evidenced by the stamped return receipt attached and marked as Exhibit "A", which was signed and marked as delivered on December 23, 2003.

This the 29th day of December, 2003.

_____
Roman C. Pibl
Kluttz, Reamer, Blankenship, Hayes
   & Randolph, L.L.P.
Post Office Drawer 1617
Salisbury, North Carolina 28145-1617
Telephone: (704) 636-7100
Attorney for Plaintiff
NC Bar No: 17566

Sworn to and subscribed before me,

this the 29th day of December, 2003.

*Deborah W. Burkhardt*
_____
Notary Public

My Commission Expires:

___11-28-2008___

# EXHIBIT "A"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] ☐ Agent ☐ Addre-<br>B. Received by ( Printed Name) C. Date of Deli<br>H. Hukins [illegible] |
| 1. Article Addressed to:<br><br>APPLEBEE'S OF VIRGINIA, INC.<br>d/b/a APPLEBEE'S GRILL & BAR<br>c/o Reg. Agent, Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, North Carolina 27603 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |

Article Number (Transfer from service label)   7002 3150 0000 0761 6367

PS Form 3811, August 2001    Domestic Return Receipt    102595-01-M-2509

STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE

COUNTY OF ROWAN               SUPERIOR COURT DIVISION

                              FILE NO: 03 CVS 3377-COMP

LISA REYNOLDS,                )
                              )
        Plaintiff,            )
                              )       COMPLAINT
vs.                           )       (Jury Trial Demanded)
                              )
APPLEBEE'S OF VIRGINIA, INC., )
d/b/a APPLEBEE'S GRILL & BAR, )
                              )
        Defendant.            )

NOW COMES the Plaintiff, Lisa Reynolds, by and through her counsel, Kluttz, Reamer, Blankenship, Hayes & Randolph, L.L.P., and complaining of the Defendant, states as follows:

1. The Plaintiff, Lisa Reynolds, is a female citizen and resident of Rowan County, North Carolina.

2. The Defendant Applebee's of Virginia, Inc., d/b/a Applebee's Grill & Bar is a foreign corporation existing under the laws of the State of North Carolina with a principal place of business located in Rowan County, North Carolina. The defendant, at all time pertinent hereto, has continuously been, and is now, an "employer" who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year

3. At all relevant times hereto, the Plaintiff was employed as a cook for the Defendant at its Salisbury, North Carolina location. Specifically, the Plaintiff was hired in May, 2002 and illegally discharged on July 7, 2003.

4. On or about August 8, 2003, the Plaintiff filed a charge of employment discrimination involving race, sex and retaliation against the Defendant with the United States Equal Employment Opportunity Office ("EEOC"). On or about September 29, 2003, the Plaintiff received a "Notice of Suit Rights" letter from the EEOC.

5. Shortly after starting with the Defendant, the Plaintiff rejected the explicit sexual advances of a female coworker. After rejecting the advances, the coworker immediately started harassing the Plaintiff. The Plaintiff complained to management about the sexual advance and harassment. Not only did the Defendant do nothing about the Plaintiff's complaint or the

-1-

harassment, but the assistant manager also started harassing the Plaintiff for complaining about the coworker's sexual advances and harassment. After the Defendant did nothing about the Plaintiff's complaint, the coworker physically assaulted the Plaintiff and damaged her car. Again, the Plaintiff complained to the defendant's management, immediately after which, the Plaintiff was terminated without being given any reason.

6. By not taking any action after the Plaintiff complained about sexual advances, harassment and the assault and battery, the Defendant has become liable for the acts of the coworker.

7. The Defendant's conduct set forth above amounts to sexual discrimination and sexual harassment that altered the terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1965 as amended by the Civil Rights Act of 1991, 42 U.S.C. Section 2000e, et seq., ("Title VII"). As a direct and proximate result of the Defendant's sexual discrimination and sexual harassment, the Plaintiff has been damaged in an amount in excess of $10,000, including, but not limited to, lost past, present and future wages, lost benefits and pain and suffering.

8. The Defendant's conduct set forth above also amounts to intentional and negligent infliction of severe emotional distress. The Defendant undertook the intentional and negligent infliction of emotional distress with full knowledge of the Plaintiff's emotional state. As a direct result of the Defendant's intentionally and negligent infliction of severe emotional distress, the Plaintiff has and is continuing to suffer from severe emotional distress, including, but not limited to, depression, sleepless nights, severe bouts of crying, physical pain and severe emotional swings in her mood.

9. The Defendant's conduct in failing to discipline and then discharge the coworker after the Plaintiff complained amounts to negligent retention of the coworker. As a direct and proximate result of the Defendant's negligent retention of the coworker, the Plaintiff has been damaged in excess of $10,000, including, but not limited to damages for assault and battery, damage to her car, pain and suffering and emotional distress.

10. The Defendant's conduct in failing to discipline or discharge the coworker makes the Defendant liable for the coworker's assault and battery on the Plaintiff. As a direct and proximate result of the assault and battery, the Plaintiff has been damages in an amount in excess of $10,000, including pain and suffering, emotional distress and damage to her car.

11. The actions of the Defendant were intentional and demonstrated a willful, wanton and/or reckless indifference to the rights of the Plaintiff such that punitive damages should be assessed against the Defendant.

12. The conduct of the Defendant's constitutes extreme and outrageous conduct which caused severe emotional distress to the Plaintiff, including, but not limited to depression, self doubt, headaches, severe bouts of crying and sleepless nights.

13. The defendant acted with both knowledge that severe emotional distress to the Plaintiff was substantially certain to result and with reckless indifference to the likelihood that severe emotional distress to the Plaintiff would result from its actions.

14. As a direct and proximate result of the defendant's intentional and negligent infliction of emotional distress the Plaintiff has suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter the following judgments against the Defendant:

1. Judgment in favor of the Plaintiff and against the Defendant for sexual discrimination and sexual harassment in an amount in excess of $10,000;

2. Judgment in favor of the Plaintiff and against the Defendant for intentional and negligent infliction of emotional distress in an amount in excess of $10,000;

3. Judgment in favor of the Plaintiff and against the Defendant for negligent retention of the coworker in an amount in excess of $10,000;

4. Judgment in favor of the Plaintiff and against the Defendant for assault and battery in an amount in excess of $10,000;

5. Grant the Plaintiff a trial by jury on all of the issues set forth herein;

6. Grant the Plaintiff her costs in bringing this action, including her reasonable attorney's fees, to be taxes against the Defendant;

7. Judgment in favor of the Plaintiff and against the Defendant for punitive damages for its malicious, wanton and reckless conduct related to its, sex discrimination, and intentional and negligent infliction of emotional distress; and

8. For such other and further relief that the Court deems just and appropriate.

This the 22nd day of December, 2003.

_____
Roman C. Pibl
Kluttz, Reamer, Blankenship, Hayes
    & Randolph, L.L.P.
Post Office Drawer 1617
Salisbury, North Carolina 28145-1617
Telephone (704) 636-7100
Attorney for Plaintiff
NC Bar No: 17566

| STATE OF NORTH CAROLINA | File No. 03 CVS 3344 |
|---|---|
| ROWAN County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name Of Plaintiff<br>LISA REYNOLDS | |
|---|---|
| Address | **CIVIL SUMMONS** |
| City, State, Zip | ☐ ALIAS AND PLURIES SUMMONS |
| VERSUS | G.S. 1A-1, Rules 3, 4 |
| Name Of Defendant(s)<br>APPLEBEE'S OF VIRGINIA, INC.,<br>d/b/a APPLEBEE'S GRILL & BAR | Date Original Summons Issued |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| APPLEBEE'S OF VIRGINIA, INC.<br>d/b/a APPLEBEE'S GRILL & BAR<br>c/o Registered Agent, Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, North Carolina 27603 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>ROMAN C. PIBL<br>Kluttz Reamer Blankenship Hayes & Randolph, LLP<br>131 North Main Street, Post Office Drawer 1617<br>Salisbury, North Carolina 28145-1617<br>Telephone: (704) 636-7100 | Date Issued<br>12-22-03 | Time<br>2:44 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV 100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

Case 1:04-cv-00031-WLO   Document 1   Filed 01/21/04   Page 18 of 18